**Order entered March 21, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-22-00010-CV

**FARMLAND PARTNERS INC., Appellant**

**V.**

**FIRST SABERPOINT CAPITAL MANAGEMENT, LP, ET AL., Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-08643**

### ORDER
Before Chief Justice Burns, Justice Molberg, and Justice Smith

Appellant appeals from the trial court's December 17, 2021 order that granted both appellees' motion for summary judgment and motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. At the Court's request, the parties filed letter briefs addressing whether the order was appealable. After reviewing the letter briefs, the Court has determined the portion of the order granting the TCPA motion to dismiss is **VOID** because the motion was denied by operation of law on Monday,

December 13, 2021[1], thirty days after the November 12 hearing on the motion. *See id.* § 27.005(a) (trial court must rule on motion not later than thirtieth day following date hearing on motion concludes), § 27.008 (if trial court fails to rule on motion within time prescribed, it is considered to have been denied by operation of law and moving party may appeal); *In re Tabletop Media, LLC*, No. 05-20-00454-CV, 2020 WL 2847272, at *2 (Tex. App.—Dallas June 2, 2020, orig. proceeding) (mem. op.).[2]

In light of the above circumstances, this appeal is limited to review of the trial court's order granting appellees' motion for summary judgment on all of appellant's claims. The appeal is not accelerated. Appellant shall file its brief on the merits **WITHIN THIRTY DAYS** of the date of this order.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE

---

[1] *See* TEX. R. CIV. P. 4 (if last day of time period is a Saturday, Sunday, or legal holiday, period runs until end of next day that is not a Saturday, Sunday, or legal holiday).

[2] In their letter brief, appellees incorrectly assert that *Tabletop Media* is no longer good law in light of the Texas Supreme Court's opinion in *In re Panchakarla*, 602 S.W.3d 536 (Tex. 2020). The Supreme Court held in *Panchakarla* that a trial court that timely *grants* a TCPA motion may exercise its plenary authority to reconsider and vacate the dismissal order after the thirty-day deadline for ruling on the motion has passed. *See id.* at 539. It did not hold, as appellees assert, that a trial court is free to *also* revisit a TCPA motion that is denied by operation of law.